UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEFFREY BINNS,  :  Civil No. 07-5317 (FLW)
       :
       Plaintiff,  :
       :
    v.  :  <u>ORDER</u>
       :
PATROLMAN JOHN DOE, et al.,  :
       :
       Defendants.  :
       :

Plaintiff, a prisoner confined at Middlesex County Adult Correctional Facility, New Brunswick, New Jersey, seeks to file a Complaint <u>in</u> <u>forma</u> <u>pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), the Court finds that Plaintiff qualifies for prisoner <u>in</u> <u>forma</u> <u>pauperis</u> status.[1] Having thoroughly reviewed Plaintiff's allegations, the Court finds that dismissal of the Complaint is not required by 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) at this stage of the proceeding.

However, the South River Police Department will be dismissed as Defendant in this matter, since a police department is not a "person" amenable to suit under 42 U.S.C. § 1983. <u>See</u> <u>Will v. Michigan Dep't of State Police,</u> 491 U.S. 58, 64 (1989) (holding

---

[1] Following this Court's order, Plaintiff duly supplemented his <u>in</u> <u>forma</u> <u>pauperis</u> application with his six-month prison account statement, hence curing the initial deficiency of his submission.

that the Michigan Department of State Police was not a "person" under Section 1983); Ngiraingas v. Sanchez, 858 F.2d 1368 (9th Cir. 1988), aff'd 495 U.S. 182 (1990) ("The Guam Police Department, like the government it serves, is not a person for purposes of Section 1983 liability"); cf. Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a "person" under § 1983).[2]

IT IS therefore on this 24th day of March , 2007,

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted; and it is further

ORDERED that the Clerk reopen this matter; and it is further

ORDERED that the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

ORDERED that the Complaint may proceed past sua sponte dismissal with respect to Plaintiff's Fourth Amendment excessive forth claims; and it is further

ORDERED that Plaintiff's allegations based on the arresting officer's usage of derogatory language during the arrest are

---

[2] Moreover, this Court has no reason to construe Plaintiff's claims against the Police Department as claims against the municipality within which the Police Department operates, since a municipal entity cannot be held liable under 42 U.S.C. § 1983 solely because it employs a tortfeasor, and Plaintiff's allegations do not show that the execution of the government's policy or custom inflicted the constitutional injury. See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694(1978).

dismissed with prejudice for failure to state a claim upon which relief may be granted; and it is further

ORDERED that Plaintiff's allegations against the South River Police Department are dismissed for failure to state a claim upon which relief may be granted, and the Clerk shall terminate this entity as a Defendant in this action; and it is further

ORDERED that the Clerk shall amend the docket in this matter by clarifying that Defendant "Patrolman John Doe" is "South River Police Department Patrolman who, on October 5, 2007, arrested Jeffrey Binns" (hereinafter "Arresting Officer"); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall forward a copy of this Order by regular mail to the Attorney General of the State of New Jersey and the warden of Plaintiff's current place of confinement; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint and this Order upon the Arresting Officer;[3] and it is further

---

[3] The fact that Plaintiff does not know the name of his arresting officer neither nullifies nor reduces Plaintiff's claim. See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) ("Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps. But by itself, this lack of knowledge does not bar entry into a

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant shall file and serve a responsive pleading within the time specified by Fed. R. Civ. P. 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir.

---

federal court. . . . [P]leading and the liberal discovery rules allow for meritorious claims to proceed even if a confined prisoner cannot adduce all the necessary facts at the outset.")  "[A] person who was subjected to excessive force by police officers might not . . . see[] the officers' name tags, and hence would likely need discovery to determine the names of his attackers, although he cannot get discovery until he files his § 1983 complaint." Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 190 (3d Cir. 2001). That said, the courts generally do not order service of process on unidentified defendants.

> [The service] on Defendant[s] John Doe[s will not be ordered] because, as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint on . . . unidentified defendant[s].

Stackhouse v. Maricopa County, 2006 U.S. Dist. LEXIS 50132, at *6 (D. Ariz. July 19, 2006).  However, the instant matter falls outside the general rule since the statements made by Plaintiff in his Complaint identify Patrolman John Doe with the necessary degree e of particularity, see Compl. ¶ 6, even though Plaintiff did not state Defendants's name.  This Court finds that information provided by Plaintiff is sufficient for the purposes of service of process because a simple inquiry into Plaintiff's police report would provide the answer as to the Arresting Officer's identity. The United States Marshal, therefore, may execute service of process upon the Chief of South River Police Department as a temporary custodian of the process for the purpose of: (a) identifying the Arresting Officer; and (b) forwarding the process to the Arresting Officer and the Arresting Officer's counsel.

1997), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, Plaintiff is advised that such appointment is neither guaranteed nor automatic); and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), the agency having custody of Plaintiff shall deduct the initial fee from Plaintiff's prison account and forward it to the Clerk; and it is finally

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount

in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action.

     s/Freda L. Wolfson
**FREDA L. WOLFSON**
**United States District Judge**